Citation Nr: 1725255 
Decision Date: 06/19/17 Archive Date: 07/17/17

DOCKET NO. 13-22 855 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Isaacs, Associate Counsel
INTRODUCTION

The Veteran served on active duty from June 1958 to June 1961.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a November 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified before the undersigned Veterans Law Judge during a videoconference hearing in December 2016.

In February 2017, the Board requested a medical expert opinion from the Veterans Health Administration (VHA) pursuant to 38 C.F.R. § 20.901, which was received in April 2017. Given the decision below is resulting in a complete grant of the Veteran's claims, he is not prejudiced by the Board proceeding to the merits at this time. See 38 C.F.R. § 20.1304(c).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).


FINDINGS OF FACT

1. The Veteran's hearing loss is attributable to his active service.

2. The Veteran's tinnitus is attributable to his active service.


CONCLUSIONS OF LAW

1. The criteria for service connection for hearing loss have been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2016).

2. The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990)

II. Analysis

The Veteran contends that his hearing loss and tinnitus are the result of noise exposure from being in an artillery unit for approximately three years. He served as a Wireman, including as a telephone and telegraph line chief, which exposed him to continuous loud noise.

The Veteran has present disabilities in the form of bilateral sensorineural hearing loss and tinnitus. He underwent an October 2011 VA examination in which the examiner found right ear readings of 15, 10, 25, 45 and 50 decibels, for frequencies of 500, 1000, 2000, 3000 and 4000 Hertz, respectively. Left ear readings were noted as 20, 20, 60, 55 and 60 decibels, for frequencies of 500, 1000, 2000, 3000 and 4000 Hertz, respectively. Speech recognition scores were 100 percent in the right ear and 96 percent in the left ear. He also reported the onset of tinnitus during service. Thus, the current disability criterion is met for service connection. See 38 C.F.R. § 3.385.

Furthermore, the Veteran has established in-service noise exposure, the second element of service connection. He testified at the December 2016 Board hearing that the onset of his hearing loss and tinnitus was during service. He stated that he was around cannon and artillery noise in service and there was more than one incident where he was in the wrong position and knocked down. Based on his military occupational specialty (MOS) as a Wireman in an artillery unit, an MOS with a high probability for exposure to loud noise, he satisfies the second element of service connection. The sole issue is whether there is a causal relationship between the two.

The October 2011 VA examiner indicated she could not provide a medical opinion regarding the etiology of his hearing loss without resort to speculation. She noted the Veteran's entrance and separation examinations indicated only whispered voice testing was performed, and whispered voice testing is known to be insensitive to high frequency hearing loss, the type most frequently related to noise exposure. She stated the etiology of the hearing loss therefore, could not be substantiated with those test results.

The Board notes that a July 2011 statement was submitted in which the Veteran's brother indicated that after the Veteran served in the Marines, he complained about his ears ringing all the time. He stated the Veteran's hearing suffered even then and grew progressively worse over time. Further, in a January 2014 statement, a friend of the Veteran indicated that prior to service the Veteran had no noticeable hearing problems. After service, he stated the Veteran worked with him at a construction company and was restricted from moving machinery and other similar tasks that required constant verbal or radio communication, due to safety concerns caused by his hearing difficulties.

Subsequently, medical literature was submitted by the Veteran, including a November 2009 article from the Journal of Neuroscience by Sharon G. Kujawa and M. Charles Liberman. The article is in support of delayed or latent onset of noise-induced hearing loss. The literature generally indicated that after an individual is exposed to intense sound, postexposure recovery of threshold sensitivity has been assumed to indicate reversal of the damage with no persistent or delayed consequences of auditory functioning. The article reports that noise-induced damage to the ear has progressive consequences that are considerably more widespread than are revealed by conventional threshold testing, including difficulties with hearing and tinnitus.

The Board determined an expert medical opinion was necessary and referred the claim for a VHA opinion in February 2017. An April 2017 VHA medical expert opinion was obtained from an otolaryngologist. He is an associate professor of otologic and neurotologic surgery at a national university's medical school. The April 2017 reviewer first distinguished the Kujawa study by explaining that work in mice is not necessarily applicable to humans. Nevertheless, he concluded that it is more likely than not that the Veteran's hearing loss is at least partially related to his active service. He discussed the Veteran's exposure to artillery and explosions during service, along with the relevant medical literature. He stated that given the data, most of the Veteran's current hearing loss occurred and is due to noise exposure following service. However, he noted it is very reasonable to assume the Veteran's in-service exposure to explosions and artillery caused at least some degree (admittedly difficult to quantify) of hearing loss.

The April 2017 reviewer further indicated that with regard to tinnitus, it is most often associated with hearing loss. He reported if the Veteran's hearing loss has been established to have been related to his active service, it is reasonable to conclude that his tinnitus is also, at least partially, related to his active service. He further noted that many patients with mild or even moderate hearing loss and tinnitus do not complain at that time and may wait years or even decades before seeking help, and thus, this should not be held against them.

The Board finds the April 2017 VHA opinion to be persuasive regarding the potential link between the Veteran's current hearing loss and tinnitus, and his in-service noise exposure. Considering the Veteran's credible reports of in-service noise exposure along with his MOS, the July 2011 and January 2014 lay statements in support, as well as the positive nexus opinion from the April 2017 VHA expert, the evidence is found at least in equipoise. As such, when resolving reasonable doubt in his favor, the Board finds that the Veteran's hearing loss and tinnitus are related to his in-service noise exposure. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. Thus, service connection for hearing loss and tinnitus is warranted.


ORDER

Service connection for hearing loss is granted.

Service connection for tinnitus is granted.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs